NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH WOS, PETITIONER, v. NEW JERSEY WORSTED SPINNING COMPANY, RESPONDENT.

For the petitioner, *Samuel F. Slaff*.

For the respondent, *Richard W. Baker*.

\*       \*       \*       \*       \*       \*       \*

On behalf of the petitioner, Miss Eva Wos, Mr. Peter Wos, Mr. John Wos and Mr. Edward Asowy were called to testify, as well as Doctors Washington and Drews. At the end of the petitioner's case the attorney for the respondent moved that the case be dismissed on the grounds that the petitioner had failed to sustain the burden of proving that he suffered an injury by accident arising out of and in the course of his employment, which was responsible for his present condition of paralysis.

After thoroughly going over the testimony in this case I find that the petitioner may have suffered an injury by accident arising out of and in the course of his employment with the respondent on August 18th, 1927, when he cut his finger of his right hand. I do not find, however, that there is any evidence that he sustained a fall at that time or suffered any other injury other than the trivial injury to the finger for which he was treated at the plant first-aid room. I further find that the doctors called by the petitioner stated that any cause, even turning over in bed, might be responsible for bringing on a paralytic condition if the man's underlying condition was right for it. Neither of the doctors called by the petitioner stated that in their opinion the accident would aggravate the petitioner's condition so as to cause paralysis or even that it was probable, but merely stated that such an accident as alleged might have caused the paralytic condition. Dr. Drew stated that in his opinion if a man suffered an injury of the finger sufficient to bring on the paralysis, it would do so at once and that a man could not work for twenty-four hours thereafter as the petitioner admitted he did in this case. Dr. Washington stated that he did not think that the injury to the finger alleged to have happened on August 18th caused the man's paralytic condition, although it might possibly have done so, but he did think that if a man did receive a fall the following day, that could well

aggravate a latent condition so as to bring on the paralytic condition.

After carefully analyzing all the testimony in this case, I find that the petitioner has failed to show that he sustained an injury by accident arising out of and in the course of his employment which brought about the paralytic condition for which he is seeking compensation, as he has at best only proved a mere possibility.

Accordingly, I hereby order that the case be dismissed, without costs to either party.

HARRY J. GOAS,
*Deputy Commissioner.*